UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MONTE L. LAYFIELD,
Plaintiff-Appellant,

v.                                                                    No. 97-1021

ROADWAY EXPRESS, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-95-3767-S)

Submitted: April 14, 1998

Decided: May 20, 1998

Before WIDENER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hans S. Goerl, Hagerstown, Maryland, for Appellant. David F.
Albright, Franklin T. Caudill, ALBRIGHT, BROWN, GOERTEMIL-
LER & CAUDILL, L.L.C., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Monte L. Layfield appeals the district court's orders granting summary judgment to his former employer, Roadway Express, Inc. (Roadway), and denying his motion for reconsideration. Layfield claimed that his termination from his job as a dockworker at Roadway's Hagerstown, Maryland, terminal constituted race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 1998), and 42 U.S.C. § 1981 (1994). Because Layfield did not establish a prima facie case of discriminatory discharge under either statute, we affirm.

I

Layfield worked for Roadway at the Hagerstown terminal from September 6, 1989, until July 13, 1994. He repeatedly violated company rules throughout his tenure with Roadway. His employment record reflects numerous instances of arriving to work late, failing to notify his employer that he would not be at work, abusing company time, not performing his job responsibilities, and refusing to follow direct orders. For these infractions, Layfield received warning letters, suspensions of between one and five days, and discharges which, prior to his termination, were reduced to suspensions.

On July 13, 1994, Layfield tore his sweat pants in the crotch area. He was not wearing underwear, and he found himself in an embarrassing and potentially dangerous predicament. Layfield asked permission to leave work early. His terminal operations manager suggested that Layfield change clothes on his lunch break approximately one hour later. The manager offered to move the only female worker away from the area where Layfield was working. Layfield, who believed his absence would be excused, clocked out and went home. His supervisors, on the other hand, believed that Layfield walked off the job.

Because of Layfield's infraction, Roadway designated his absence a "voluntary quit" and removed him from the seniority list. Pursuant

to a collective bargaining agreement, Layfield submitted a grievance to a committee comprised of members of his union and representatives of Roadway. Following a hearing, the committee unanimously denied the grievance and upheld Roadway's revocation of seniority rights.

Layfield then filed a complaint with the EEOC, claiming that his discharge constituted race discrimination in violation of Title VII. Because an investigation disclosed no violation of Title VII, the EEOC issued a right to sue letter. Layfield then filed this action alleging race discrimination under Title VII and § 1981. The district court granted summary judgment to Roadway and denied Layfield's motion for reconsideration. Layfield timely appeals.

II

Layfield contends that white employees with similar disciplinary records were not terminated for their infractions. He therefore alleges a disparate treatment claim. To prevail, Layfield must satisfy the test articulated in the line of Supreme Court cases following McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under that test, the plaintiff must first establish a prima facie case of discrimination. The employer may then respond by providing a legitimate, nondiscriminatory reason for its employment action. Finally, the employee may rebut this response by producing evidence that the employer's reason is pretextual. See id. at 802-804. The McDonnell Douglas scheme applies with equal force to a § 1981 claim of race discrimination in employment. See Theard v. Glaxo, Inc., 47 F.3d 676, 680 (4th Cir. 1995).

Under Title VII, a plaintiff may establish a prima facie case of intentional discrimination by direct or circumstantial evidence. To meet his burden with circumstantial evidence, he must show that: (1) he is a member of a protected class; (2) he was qualified for his job and was performing his work satisfactorily; (3) he was fired; and (4) others outside the protected class were retained under apparently similar circumstances. See Hughes v. Bedsole, 48 F.3d 1376, 1383 (4th Cir. 1995).

We review summary judgment orders de novo; if there is no genuine issue as to any material fact, the moving party is entitled to sum-

3

mary judgment as a matter of law. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). "An employer is entitled to summary judgment if the plaintiff fails to establish a prima facie case of discrimination or fails to raise a factual dispute regarding the employer's proffered reasons for the alleged discriminatory act." Id. "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 252 (1986).

III

Layfield presented no direct evidence of race discrimination. Therefore, he had to meet the four-part test identified above to establish, though circumstantial evidence, a prima facie case of discrimination. See Hughes v. Bedsole, 48 F.3d at 1383.

We agree with the district court that Layfield did not meet his burden. He concedes in his brief that his overall disciplinary record was not good. Given his pattern of repeatedly being disciplined for violating company policy and his walking off the job on the day he was fired, he was not performing his job at a satisfactory level.

Further, Layfield did not demonstrate that white employees with comparable employment records were retained while he was discharged. On appeal, Layfield points to the disciplinary history of Billy Bunch. On July 1, 1994, Bunch had a loud argument with supervisors, then left work without permission. Bunch was fired and then reinstated. In his brief, Layfield also mentions three white employees who received permission to leave the premises on a particularly busy night. Finally, Layfield includes in the appendix the disciplinary history of a fifth white employee, K. E. Martin, who was not fired. Layfield, however, does not mention Martin in his brief.

A plaintiff need not present comparatives with precisely the same employment problems when attempting to establish that others outside his protected class were retained in the face of similar conduct. Nonetheless, the problems must be similar. See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 282 (1976); see generally Hughes v. Bedsole, 48 F.3d at 1384. None of the white employees whom Lay-

4

field identifies were similarly situated. Only one incident involving Bunch is referenced. In contrast, the record is replete with Layfield's infractions. Martin, unlike Layfield, never walked off the job, and he never was terminated and then reinstated. Finally, the three employees who left the jobsite are not similar to Layfield because they received permission to leave. Moreover, other information about those three employees' disciplinary histories is not included in the record. Layfield simply presented no evidence to show that white employees with comparable records were retained while he was fired. Thus, we find Layfield has failed to prove that others outside his class were retained under similar circumstances. See Hughes, 48 F.3d at 1383.

IV

We accordingly affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED